**STATE of Missouri, Respondent,**

v.

**Paul Arthur BAZADIER, Alias Paul Arthur Sparks, Appellant.**

No. 49296.

Supreme Court of Missouri,

Division No. 2.

Nov. 14, 1962.

Motion for Rehearing or to Transfer to Court En Banc Denied Dec. 11, 1962.

Louis Wagner, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Lynn B. Nelson, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Paul Arthur Bazadier has appealed from a judgment, entered pursuant to jury verdict, imposing a sentence of six years confinement for the offense of assault with intent to rob with malice aforethought. Section 559.180 RSMo 1959, V.A.M.S.

On February 9, 1961 about four o'clock in the afternoon three men, one of whom was appellant, ran into the Mock Hardware Store located at 1201 East 31st Street, Kansas City, Missouri. In the store at the time, in addition to Mr. and Mrs. Mock, were Mr. James Harrison, a clerk, Mr. Donley Eastley, the owner of a nearby business, and a customer by the name of Murray. The appellant ran past Mr. Mock, "pushed" Mr. Eastley and told him to "get down," and then hit him on the head with some object. Mr. Eastley "went with the blow" and was not knocked down. He then "pushed" appellant and ran to the rear of the store "to get a rod," apparently referring to a piece of gas pipe. The second man, identified as Myron Clay, was "scuffling" with Mr. Mock, and appellant and Clay started trying to hit Mr. Mock over the head. Mr. Harrison had a hammer in his hand and he hit appellant in the forehead with the hammer and knocked him down. Appellant then produced a gun and shot Mr. Harrison, but not fatally, and also fired a shot toward Mr. Mock which went between his legs without injuring him. In the meantime the third man, identified as Sylvester Granbury, fired his gun and it jammed. When he then started toward Mrs. Mock, Mr. Mock obtained a small pistol from beneath a counter and shot and killed him. Appellant and Myron Clay then ran from the store. In the melee Mr. Mock was shot in the back, but the source of the bullet was not established. At no time did appellant and his companions say that they wanted money or any property, and the only words spoken by any of them were those of appellant when he told Mr. Eastley to "get down." No money or property was taken.

Appellant surrendered to the police on February 13, 1961, and at that time, as indicated by a photograph, he had a well-defined round bruise in the middle of his forehead about an inch in diameter.

Appellant testified and offered evidence in support of an alibi. His evidence, if believed, established that at the time of the shooting he was with his uncle watching television. Appellant's explanation of the bruise on his forehead was that on February 7 while he was placing a fan belt on his mother's automobile she engaged the starter and the fan blade struck him in the forehead.

Appellant has filed a brief in this court, and he contends in his first point that "there was no substantial evidence to support a conviction" for assault with intent to rob with malice. He assigns as reasons therefor that (1) there was no evidence of any robbery, attempted robbery or intent to rob; (2) there was no evidence of any felonious taking or attempt to take money or any thing of value; (3) there was "no evidence that [Floyd] Mock was put in fear of his life; rather the exact converse was true;" and (4) the evidence "could only support a conviction for common assault, and such evidence, being equally consistent with innocence as with guilt of appellant, requires reversal."

Appellant's only argument under this point is limited to a portion of the fourth reason set out above. He says that the fact that "the evidence is as consistent with appellant's innocence as with his guilt is amply demonstrated by the fact that the primary and apparently conclusive factor in establishing the identity of appellant as one of those present was the mark on appellant's forehead." He then attempts to demonstrate that his explanation of the presence of the bruise was more reasonable than that he was struck on the forehead with a hammer.

In determining whether a submissible case was made we accept as true all the evidence tending to show appellant's guilt, together with all favorable inferences reasonably to be drawn therefrom. Appellant's contrary evidence is to be disregarded. If a submissible case is thus presented, the truth of the testimony and the reasonableness of the inferences to be drawn therefrom were matters exclusively for the jury. State v. Brewer, Mo., 325

S.W.2d 16, 20. In addition to the evidence concerning the bruise on appellant's forehead and that Mr. Harrison struck him on the forehead with a hammer, appellant was positively identified by Mr. Harrison, Mr. Mock and Mr. Eastley as one of the three men who ran into the store and did some of the shooting. It is evident that the identity of defendant as one of those who made the attack on Mr. Mock was a jury question.

Although the other contentions in the first point are presented without argument, we shall now consider them except the contention that the evidence would support only a conviction of common assault. That will be considered later. In order to commit the offense of assault with intent to rob with malice it is not essential that the robbery be completed or that any money or thing of value actually be taken. State v. Brown, Mo., 245 S.W.2d 866. In addition, the offense of robbery in the first degree may be committed "by violence to his person, or by putting him in fear of some immediate injury to his person." Section 560.120 RSMo 1959, V.A.M.S., State v. Van Horn, Mo., 288 S.W.2d 919. Therefore, to commit the offense of assault with intent to rob with malice it is not essential that the evidence establish that the victim was in fact placed in "fear of his life," as appellant apparently contends.

The only serious question is whether there was sufficient evidence from which the jury could find an intent to rob. This intent, by express words, is made an essential element of the offense and must be proved. State v. Arvin, Mo., 123 S.W.2d 182. There was no property actually taken and no verbal demand therefor was made. The intent to rob, therefore, cannot in this case be inferred from the fact that property was actually taken or demanded. However, intent may and generally must be established by circumstantial evidence, and it is the unusual situation where there is direct evidence of the intent of a person when charged with the commission of a crime such as in this case. State v. Chevlin, Mo., 284 S.W.2d 563; State v. Fulkerson, Mo., 331 S.W.2d 565, 572. The evidence here was that Mr. Mock and the others in the store did not know the three men who came running into the store, and that the only time any of them previously had been in the store was about thirty minutes earlier when appellant and Myron Clay purchased six cents worth of bolts. The manner of their entry and their immediate unprovoked assault on Mr. Mock and others present are circumstances inconsistent with an inference that they intended to purchase something, visit with those present, look at the merchandise or engage in any other lawful activity. Their conduct, however, is consistent with the reasonable inference that if Mr. Mock and the others had not taken up arms against them, either by violence to the person or by placing in fear they intended to take money or property belonging to Mr. Mock. In fact, that is the only possible reasonable inference which may be drawn from their conduct, and for that reason the circumstances are inconsistent with any reasonable theory of innocence. There was sufficient evidence to support a conviction of the offense charged and of which appellant was found guilty.

Appellant's next point is that prejudicial error resulted from certain remarks of the trial court made to the jury. The transcript shows that the jury retired to start its deliberations a few minutes before three o'clock. At 4:45 o'clock the trial court inquired from the foreman of the jury whether or not it appeared that the jury would be able to reach a verdict, and the foreman replied that it did not "at the present." The court then advised the jury "that after a case of this character is submitted to you, you can't separate, you will have to remain down here tonight in a hotel room, and I wanted you to know that so that we could begin to make our plans accordingly." The court also commented on the desirability that the jury reach a verdict and that each member should not close their minds to

ideas other than their own but should give consideration to the other man's thinking. The court also stated that he was asking the jury to continue their deliberations, and that if a verdict was not reached in the next thirty minutes "I expect we will send you out to dinner, and of course, you will be in the custody of the sheriff, and you won't be permitted to separate."

No objection whatever was made to any part of the remarks of the trial court, and the jury was permitted to return to the jury room for further deliberations without there being made any claim of prejudice or request for corrective action. The first claim of prejudice was made in the motion for new trial.

■ State v. Whitaker, Mo., 275 S.W.2d 316, involved a similar factual situation concerning comments of the trial court to a jury on the desirability of reaching a verdict which is identical in principle. This court held: "But, defendants, in effect, consented to the remarks [of the trial court] by making no objection whatever, and took their chance with the jury. They 'cannot thus gamble on a favorable verdict' by permitting the trial to go to conclusion without objection, and then contend for the first time in their motion for new trial that the court committed reversible error." See also State v. Mosier, Mo., 102 S.W.2d 620; State v. Pittman, Mo., 221 S.W.2d 163; State v. Johnson, Mo., 248 S.W.2d 654; State v. Quilling, 363 Mo. 1016, 256 S.W.2d 751. The above rule applies to this case. However, we have reviewed carefully all the remarks of the trial court to determine whether there is any basis for invoking Supreme Court Rule 27.20(c), V.A.M.R., which had not been adopted at the time of State v. Whitaker. We find the Rule not applicable because not only is there no "plain errors affecting substantial rights," but the remarks of the trial court were not improper under the circumstances, and would not have resulted in a reversal of the judgment even if the alleged error had been preserved for appellate review. See

State v. Baker, Mo., 293 S.W.2d 900; State v. Roberts, Mo., 272 S.W.2d 190; State v. Stegall, Mo., 327 S.W.2d 900.

■ Appellant next contends that the trial court erred in refusing his request for an instruction on common assault. He cites and relies on Section 556.230 RSMo 1959, V.A.M.S., which provides that "Upon an indictment for an assault with intent to commit a felony, or for felonious assault, the defendant may be convicted of a less offense; and in all other cases, whether prosecuted by indictment or information, the jury or court trying the case may find the defendant not guilty of the offense charged, and find him guilty of any offense, the commission of which is necessarily included in that charged against him." Common assault is, of course, a lesser included offense of assault with intent to rob with malice aforethought, State v. Higgins, Mo.App., 252 S.W.2d 641, but although, Section 556.230 validates "a conviction for a lesser degree of the crime when all the evidence showed the defendant was guilty of a greater, if any * * *; still he is not for that reason entitled to instructions on the lesser degrees." State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077. This question was recently ruled again by this court in State v. Burns, Mo., 328 S.W.2d 711. In that case the accused was charged with assault with intent to kill with malice aforethought, and on appeal he assigned as error the refusal of the court to instruct on assault with intent to kill without malice aforethought. We quote from the opinion in that case to show the applicability of the ruling because of the unusual similarity in the factual situation there and here. "He [the appellant in that case] seems to take the position that in a prosecution for assault with malice aforethought it is mandatory, under Section 556.230, for the trial court to instruct on the lesser offense of assault without malice. We do not agree. It is well established that an instruction on the lesser offense is required only if there is evidence to support such a submission. * * * The evidence is

**608**

that three men, masked and armed, approached unannounced and entered the office of Mr. Gazzoli. They did not orally announce their purpose, but their acts and conduct spoke unmistakably of malicious and unlawful intent. There was positive evidence that they all shot at Mr. Gazzoli and that defendant fired the first shot. At least two of his bullets were effective. The evidence indicates an assault with malice aforethought, and no other interpretation of their conduct is reasonably possible." The evidence in this case indicates an assault with malice aforethought, and there is nothing to justify a finding only of common assault. Therefore, appellant was not entitled to an instruction on common assault, see also State v. Brown, Mo., 245 S.W.2d 866, and of course he is in error in contending in his first point that the evidence would support only a conviction for common assault.

The last contention in appellant's brief is that the designation of him as "Alias Paul Arthur Sparks" was prejudicial. We find that no objection whatever was made to this designation at the trial or in the motion for new trial. Therefore, the matter is not preserved for appellate review.

The above disposes of all points in appellant's brief, and pursuant to Supreme Court Rule 28.02, V.A.M.R., we need not review those assignments of error in the motion for new trial not briefed. There is no challenge in the brief as to any of those matters for which no assignment of error in a motion for new trial is necessary for appellate review, but notwithstanding this we have reviewed them. We find that the information is in proper form and charges the appellant with the offense of assault with intent to rob with malice aforethought; he was properly arraigned; the verdict is in proper form; the sentence imposed is within the prescribed limits, allocution was granted and the judgment is in due form and responsive to the verdict.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.