**STATE of Missouri, Respondent,**

v.

**Samuel LEWIS, Appellant.**

**No. KCD 27127.**

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Motion for Rehearing and/or Transfer
Denied Aug. 5, 1975.

Application to Transfer Denied
Oct. 21, 1975.

Modified on Court's Own Motion
Oct. 24, 1975.

**452**

Willard B. Bunch, Public Defender, E. L. Messina, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special JJ.

SWOFFORD, Presiding Judge.

A jury found the defendant guilty of first degree murder and fixed his punishment at life imprisonment. After an unavailing motion for a new trial, he appeals, raising a single point upon which he seeks reversal. He charges the trial court with error in refusing to give his proffered cautionary instruction to the jury covering the testimony of accomplices.

The instruction refused by the trial court was as follows:

"The court instructs the jury that you may convict the defendant on the testimony of an accomplice, if they believe the statements as given by the accomplice in his testimony are true in fact and sufficient in proof to establish the guilt of the defendant beyond a reasonable doubt; but the jury is instructed that the uncorroborated testimony of an accomplice in crime, when not corroborated by some person or persons not implicated in the crime, as to matters connecting the defendant with the commission of the crime charged against him and identifying the defendant as the perpetrator thereof, ought to be received with great suspicion and caution by the jury; and they ought to be fully satisfied of the truth of the accomplice's testimony beyond a reasonable doubt before they should convict the defendant on such testimony."

■ Although MAI–CR does not cover this area, no claim is made by the state that this instruction does not properly declare the decisional law on this subject, nor was its refusal by the trial court based upon such premise. Rather, the question presented for review is whether, under the facts of this case, the testimony of the two accomplice witnesses offered by the state in the trial below was corroborated or uncorroborated by other evidence. Such a cautionary instruction need be given only when the testimony of an accomplice or accomplices in the crime is uncorroborated. *State v. Merrell*, 263 S.W. 118, 121[6] (Mo.1924).[1]

A brief summary of the facts is necessary.

At about 11:00 p. m. on May 12, 1973, the appellant, Jerry Williams, Willie Dove, Nathaniel Johns, and Debra Clark had gone together from Kansas City, Missouri to Kansas. After engaging in a few hours of drinking in Kansas, the group returned to Kansas City, Missouri, during the early morning of May 13, 1973.

En route to Kansas City, Missouri, Debra Clark heard the four male occupants of the car talking in general terms about robbing someone. At this point, the men had apparently not decided who they would rob.

Upon arriving in Kansas City, Missouri, they drove to Jerry Williams' residence, located at 3917 Troost. As they were all sitting in the car at Jerry Williams' house, Debra heard a conversation in which it was proposed that James Main, the next door neighbor of Williams, be robbed. Shortly after the conversation, Debra observed the appellant and Willie Dove leave the car and enter Mr. Main's house. Sometime after these two individuals entered the Main house, Williams and Johns left the car and

1. Attention is directed to Footnote 2, MAI–CR 2.01, adopted by the Supreme Court effective 5/8/74, which provides that from that date no such cautionary instruction may be given.

went inside the Main residence. This, of course, left Debra alone in the automobile.

Debra testified that Williams and Johns were the first to return to the car. Next, the appellant and Willie Dove returned together, Willie Dove carrying a radio back with him. After all four men had returned to the car, Williams and Dove started fighting over "the money".

At approximately 3:00 p. m. on May 13, 1973, a son of Mr. Main found his father dead in the living room at 3921 Troost. The body was bound with electrical cord. There was a sheet tied about the head, secured there with electrical cord tied around the neck. An autopsy revealed that Mr. Main had died as a result of ligature strangulation.

Both Williams and Johns testified as state's witnesses at the trial. They testified in substance that after returning to Missouri from Kansas, the four men discussed "making some money" (i. e. robbing someone). After it was determined that Mr. Main would be the target of their scheme, and in furtherance of that enterprise, the defendant and Dove went inside the Main house together—defendant taking with him Johns' pistol.

After the appellant and Dove entered the Main house, Williams heard Mr. Main scream. At this, both Williams and Johns went into the Main house. When they arrived, Dove and the appellant were looking around for some money. Williams and Johns noticed that Mr. Main was tied up. Johns untied Mr. Main. The appellant tied Mr. Main up again. About this time, the appellant made the announcement that Mr. Main "needed to be dead anyway". Meanwhile, Williams was attempting to discourage Dove from kicking Mr. Main.

Johns and Williams left the Main house and returned to the car. Fifteen to twenty minutes later, Dove and the appellant returned to the car. On his way back to the car, appellant was carrying a sweater that he had used to wipe off fingerprints from a door. This sweater was last seen hanging on the fence which separated the Main and Williams residences.

Testimony was also given at trial by several members of the Kansas City, Missouri Police Department. Their collective testimony revealed that when Mr. Main's body was discovered on May 13, 1973, he was tied up as above stated. The living room in which he was found was in a state of disarray. Sitting on the television set in the living room was an electric clock, from which the electrical cord had been removed, save for a one-inch stub. The color of the one-inch portion of the wire remaining on the clock matched the color of the electrical cord with which Mr. Main was bound. A fingerprint on the clock matched a fingerprint of the defendant.

Outside the Main house, near the fence above referred to, the police found a sweater.

There is no contention made that state's witnesses Nathaniel Johns and Jerry Williams were not, in fact, accomplices of the defendant who "knowingly, voluntarily and with common interest" united with the defendant in the robbery of Main. But defendant vigorously asserts that Debra Clark was also an accomplice and that, therefore, the refused cautionary instruction should have been given. The record does not support this position.

In 21 Am.Jur.2d Criminal Law, Section 118, p. 196 (1965), an accomplice is defined:

> "An accomplice is said to be one who knowingly, voluntarily, and with a common interest with others participates in the commission of a crime either as a principal or as an accessory before the fact."

This rule and definition is applicable in Missouri. State v. Martin, 428 S.W.2d 489, 491[1, 2, 3] (Mo.1968); State v. Burks, 484 S.W.2d 302, 304[1] (Mo.1972). The presence of one in the vicinity or at the scene of the crime as the crime is being committed (as was Debra Clark sitting in the car in front of Main's home) is insufficient to establish that such person is an accomplice-principal or an aider or abetter. Neither is the fact of non-interference in the criminal act or

failure to notify the police sufficient to support a charge as principal or accomplice. *State v. Burks, supra; State v. Martin, supra; State v. Caldwell,* 428 S.W.2d 727, 728 (Mo.1968).

■ The record is devoid of any evidence to indicate that Debra Clark in any way associated herself with the criminal venture, affirmatively participated in or forwarded the effort or consciously shared in the act. She was not an accomplice, *State v. Irby,* 423 S.W.2d 800, 803[4] (Mo.1968), and her testimony clearly corroborated that of Johns and Williams in substantial detail.

Further corroboration of the testimony of Johns and Williams as to the defendant's participation in the robbery-homicide is found in the testimony of the police officers investigating the crime, as above noted.

Under the posture of this record, the trial court did not err in refusing the cautionary instruction as to the testimony of accomplices, and the judgment is therefore affirmed.

All concur.