STATE of Missouri,
Plaintiff-Respondent,

v.

Curtis James TYLER,
Defendant-Appellant.

No. 38158.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 13, 1977.

Thomas R. Motley, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Jeff M. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

Defendant appeals from a judgment of conviction entered by the Circuit Court of the City of St. Louis on a jury's verdict finding him guilty of first degree murder in accordance with the felony murder statute § 559.007, RSMo Supp.1975. Defendant was sentenced to life imprisonment. For reversal, the defendant urges the court erred (1) in refusing to instruct the jury on the lesser included offenses of murder second degree and manslaughter; (2) in refusing to declare a mistrial as requested when the state failed to prove the alleged prior felony conviction, and (3) in failing, sua sponte, to give an accomplice instruction. We find no merit in these allegations of error and accordingly, affirm.

The following evidence was introduced by the state to support the conclusion that Curtis Tyler, acting with others, did assault

and mortally wound John Hamilton: On March 15, 1975, shortly before the alleged murder, defendant and George Qualls were at Sandra Ware's home at 4309 St. Louis Avenue. At that time defendant displayed two pistols and he and Qualls indicated that they planned to rob persons residing at 5603 Lotus Avenue, a home where defendant's half-brother, Calvin Gales (also known as Brett Tyler) resided. Upon arriving at the Lotus Avenue address, Sandra Ware knocked at the door, saying she had a letter for the victim, John Hamilton. Calvin Gales looked out the window, recognized defendant, Qualls and Ware and came to the door. At that time defendant indicated to Calvin Gales an intention to rob John Hamilton and displayed a pistol, as did George Qualls. Calvin Gales then led defendant, Ware and Qualls upstairs to a room where Leonard Gales and John Hamilton were in bed. Defendant then told the men to get up, Hamilton reached for a shotgun, and both Qualls and defendant fired at Hamilton, who was struck. Defendant, Ware and Qualls fled the scene without obtaining any money or property.

During voir dire examination defendant's attorney referred to a prior conviction which had been plead in the substitute information. The state was subsequently unable to prove the prior conviction. Counsel for defendant moved for a mistrial, and the court denied said motion but instructed the jury to disregard counsel's remarks concerning the defendant's prior conviction.

At the trial, Sandra Ware and Calvin Gales testified against the defendant.

▮ We find no merit in the defendant's first claim of error that the court failed to give instructions on second degree murder and manslaughter. In a felony murder case, instructions as to a lesser offense will not be given unless the evidence warrants a finding that the murder was not committed in the perpetration of or attempt to commit the felony, MAI–CR No. 6.02, caveat "a." Here, the evidence supports only one conclusion: defendant and his cohort fatally shot John P. Hamilton in their attempt to feloniously rob the residents of 5603 Lotus Avenue.

In reviewing the evidence in this case, we are bound by the well-established rule that " . . . 'the facts in evidence and the favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the State, and evidence and inferences to the contrary are rejected . . . .' " *State v. Parcel,* 546 S.W.2d 571, 573 (Mo.App.1977); *State v. Papin,* 386 S.W.2d 355, 359 (Mo.1965). Sandra Ware, an accomplice in the incident and a witness for the state, testified that before going to the Lotus Avenue residence on the evening of March 15, 1975, the defendant and George Qualls met at her home, displaying two pistols. They next went to a friend of George's to borrow a car, and there discussed going to the Gales' residence to rob the people there. Sandra and Calvin Gales testified that once the group arrived at the Gales' home, defendant, holding a pistol, told Calvin he planned to rob John P. Hamilton. Defendant and Qualls, still holding pistols and with their masks pulled over their faces entered the room shared by John P. Hamilton and Leonard Gales, and told the men to get up. Hamilton then reached for a shotgun and the defendant and Qualls fired at Hamilton, fatally wounding him. Defendant's behavior during the entire evening is clearly inconsistent with any other conclusion than that they intended to rob the victim, John P. Hamilton. The fact that the defendant fled before recovering money or property does not mitigate the above circumstances showing intent to rob. *State v. Fulsom,* 534 S.W.2d 72, 74 (Mo.App.1976); *State v. Norris,* 365 S.W.2d 501, 504 (Mo.1963); *State v. Bazadier,* 362 S.W.2d 603, 606 (Mo.1962).

Defendant has not shown this court what evidence in this case supports the lesser offense instructions of second degree murder or manslaughter. If his argument is, however, that there was a lack of deliberation, which could reduce the charge to second degree murder, *State v. Seals,* 515 S.W.2d 481, 486 (Mo.1974), or there was provocation, which could reduce the charge to manslaughter, *State v. Clough,* 327 Mo.

700, 38 S.W.2d 36 (1931); *State v. Weakley,* 178 Mo. 413 (1903), 77 S.W. 525, 527, because he shot Hamilton in self defense after Hamilton reached for his shotgun, his argument must fail. Defendant initiated the entire incident by the robbery attempt, and therefore, is responsible for all consequences therefrom, including the fact that the robbery victim may try to protect himself.

Because all of the evidence supports the conclusion that Hamilton was shot in an aborted robbery attempt and because there is no evidence to support lesser offense instructions, the trial court did not err in failing to give the lesser offense instructions.

We also reject the defendant's second claim of error, that a mistrial should have been declared because of erroneous references to the defendant's past criminal record. The state, by substitute information in lieu of indictment, alleged that defendant had a prior felony conviction. The defense counsel referred to this conviction in voir dire examination and now claims a mistrial should have been declared because of the prejudicial impact of his mistaken reference.

 Any error, however, was of the defendant's own making because the defense counsel had three months to investigate the conviction alleged in the information which was vehemently denied by his client at trial. Defendant cannot take advantage of his own lack of diligence in the preparation of his defense by obtaining a mistrial. *State v. Nenninger,* 354 Mo. 53, 188 S.W.2d 56, 58 (1945). A mistrial is a drastic remedy reserved for extraordinary circumstances, *State v. James,* 347 S.W.2d 211 (Mo.1961), and an appellate court will not reverse a trial judge's ruling on a mistrial motion unless there is a clear abuse of discretion. *State v. Camper,* 391 S.W.2d 926, 927–8 (Mo.1965).

In addition, the defendant received other sufficient relief for this inaccuracy. The judge explained to the jury that the previous information from the clerk's office was incorrect and instructed the jury to disregard it.

Because the erroneous information was given to the jury by the defense counsel, who cannot be allowed to profit from his own mistake, and because the judge took appropriate corrective steps to remove the prejudicial impact of the misinformation, we hold that the denial of the mistrial motion was proper.

Lastly, we reject the defendant's third claim of error that the trial court failed, sua sponte, to instruct the jury to receive the testimony of the accomplices with caution. Defendant made no request for such an instruction at trial and did not raise the point in his motion for a new trial. Therefore, if we are to review this claim of error we must do so under the "plain error" rule, which we decline to do. To apply the plain error method of review, " . . . [t]here must be a sound, substantial manifestation, . . . a strong, clear showing, that injustice or miscarriage of justice will result if the rule is not invoked. . . " *State v. Meiers,* 412 S.W.2d 478, 480–81 (Mo.1967). This cannot be true in this case for the instruction sought is now, and at the time of the trial, was forbidden by the Missouri Approved Criminal Instructions, MAI–CR No. 2.01(2); *State v. Lewis,* 539 S.W.2d 451, 452 n.1 (Mo.App.1975); *State v. Lang,* 515 S.W.2d 507, 510–11 (Mo.1974).

For the above reasons, we affirm the judgment.

STEWART and REINHARD, JJ., concur.