STATE of Missouri, Respondent,

v.

Gerard ROGERS, Appellant.

No. KCD 30314.

Missouri Court of Appeals,
Western District.

June 11, 1979.

William F. O'Sullivan, David B. Dysart, Duncan, Russell & Bunch, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Earl W. Brown, III, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and WAS-SERSTROM and CLARK, JJ.

SHANGLER, Presiding Judge.

The defendant Rogers was tried to the court on counts of forcible rape, assault with intent to do great bodily harm with malice, and the crime against nature, and was convicted on each. He was sentenced to three concurrent terms of fifteen years imprisonment.

The appeal contends there was not sufficient evidence to find guilt in that (1) the only evidence against the defendant Rogers was the uncorroborated testimony of the victim, an admitted accomplice with the defendant in a separate, but concurrent, crime, and (2) that at the time of the conduct alleged the defendant was so affected by drugs that he could not have formed the specific intent to commit the criminal acts charged.

The testimony to the court was from three prosecution witnesses; two police of-ficers, and the female victim. On the night of the event, while the husband was at work, the victim opened the door of the residence to a knock. She was confronted by the defendant who identified himself as an undercover officer and gave a report of prowlers about the neighborhood. He had an axe handle in hand. After some discussion she allowed him entrance. He placed the axe handle against the kitchen wall and then, with the victim, went into the basement to show the windows by which children could have easy access to the interior house. After this pretext, they came up into the living room. While in the basement, however, the victim observed a bag of marihuana on the floor by the defendant which he acknowledged as his. He asked her there if she could roll a joint of marihuana; she answered she could not but was willing to try. When they resumed in the living room, she offered him a bottle of beer. She then contrived a marihuana cigarette from which she inhaled some, but not enough for effect. The defendant also smoked the substance while they conversed. He told her that he had known the people who lived in the residence before occupancy by the victim began [only some three weeks before] and visited them every night to share pot or marihuana.

After the defendant had come downstairs from the bathroom facility [which he found without direction] he resumed the seat in the living room and then, quite without warning, jumped up and commenced to throttle her with the threat that he would kill her if she did not make love. She disrobed first herself and then him according to his direction. His genital penetrated her vagina and was then taken into her mouth under his threats. After they re-clothed, he commenced to beat her with his fist, with the beer bottle and with a kitchen knife, all without cause. The victim managed to escape to the people next door who called the police.

The defendant contends that the only evidence of crime, other than the testimony of the victim herself, were the blood-stained clothes worn by her and the photographs of

body bruises and wounds taken by the police, which tend to prove the assault but not the rape or sodomy. From this want of corroboration, the defendant argues the charges of sexual misconduct were not proved and he must be acquitted of those counts.

■ This contention rests on two misconceptions: that the testimony of a victim of sexual crime requires corroboration for substantial effect and that, in the circumstances shown, the victim was an accomplice in crime [the shared marihuana cigarette] so that her testimony—inconsistent and contradictory in particulars—was suspect as proof of forced sex acts. The testimony of a victim of rape or sodomy needs no other corroboration for submission of charges against the defendant. Evidence by the victim inherently contradictory or such as to leave the court clouded with doubt must be corroborated or the conviction will not stand, not because the testimony of a victim cannot stand alone, but because the law does not allow an inference of fact from evidence not substantial or probative of that fact. State v. Bohannon, 526 S.W.2d 861, 863[1] (Mo.App.1975).

■ The discovery by the police officers of marihuana paraphernalia in the premises occupied by the victim or her testimony that she placed the marihuana remnant in a box with others do not inherently contradict her assertion that she was a nonsmoker, but are credibly explained by her other testimony that her husband was a user. Other testimony, that she had smoked marihuana on other occasions so as to become "high," even if a contradiction was as to a collateral matter and affects only the credibility of the witness. State v. Mitchell, 500 S.W.2d 320, 323[1, 5] (Mo.App. 1973). The testimony of the victim on the essential elements of the offense, that she had been forced by assault to submit to his sexual depredations, that his priapus penetrated her vagina and then was received into her mouth under his compulsion, was unimpaired by contradiction, but rather corroborated by the physical evidence of bloodstained garments, contemporaneous photographs of her battered body and early complaint. The testimony of the victim uncontradicted as to the elements of the offense needed no corroboration for submission. State v. Lee, 404 S.W.2d 740, 747[12, 13] (Mo.1966).

■ The contention continues, however, that the victim was an accomplice of the defendant in the unlawful use of the contraband marihuana and so, for that further reason, her testimony was suspect unless corroborated. The charge against the defendant was rape, sodomy and assault—as to these, the victim was not a willing participant. There was no evidence of that knowing, voluntary participation with another in the commission of the sex crimes which marks the status of accomplice. State v. Lewis, 539 S.W.2d 451, 453[2, 3] (Mo.App.1975).

■ The defendant contends further that his precipitate and sudden assault on the victim consequent to the shared marihuana cigarette show that he was so under the intoxication of the drug as to render him unable to form the criminal intent to commit the rape and other acts. In effect, the defendant asks our declaration, as a matter of law, to direct acquittal on that ground.

The defendant ostensibly seeks the benefit of § 562.076 which accords as a defense that the accused was so intoxicated or drugged as to prevent purposeful or knowing conduct—when the crime charged requires either mental state. That enactment, however, became effective January 1, 1979, and was not available to the defendant for earlier misconduct. The defense of intoxicated or drugged condition, now in effect, becomes available only where supported by evidence and only where the defendant has injected the issues—requisites both absent. § 562.076.2, RSMo Supp.1977; MAI–CR 2d 3.30.1—Notes on Use 4 and 5; MAI–CR 2d 3.30.2—Notes on Use 2.

The judgment is affirmed.

All concur.