Curtis TYLER, Appellant,

v.

STATE of Missouri, Respondent.

No. 40411.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Nov. 14, 1979.

Robert C. Babione, Public Defender, Theodore Guberman, Kevin C. Curran, Asst. Public Defenders, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Steven D. Steinhilber, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Michael Sullivan, St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals the denial of his Rule 27.26 motion following an evidentiary hearing. In 1975, Curtis Tyler was convicted by a jury on the charge of First Degree Murder under the felony-murder statute. He then was sentenced to life imprisonment. This court affirmed the conviction. *State v. Tyler*, 556 S.W.2d 473 (Mo.App.1977). Movant maintains that the trial court erred in denying his 27.26 motion because he had been denied effective assistance of counsel.

Specifically, movant charges that counsel was ineffective because 1) he had failed to investigate the state's allegation that Tyler

**4** 

had a prior felony conviction, and then disclosed that movant had such conviction to the jury on voir dire, and 2) because counsel did not interview a key state's witness, Calvin Gales. It is argued that, had Gales been interviewed, counsel would have learned that the witness was "under pressure" to testify for the state and, moreover, that counsel would have been aided in impeaching the credibility of the witness at trial.

 Our review of an order overruling a Rule 27.26 motion is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Pickens v. State*, 549 S.W.2d 910[1] (Mo.App.1977); Rule 27.26(j). On review of a post-conviction motion to vacate judgment, the Court of Appeals is required to give due regard to the trial court's opportunity to hear witnesses, and must defer to its determination of credibility unless it clearly and convincingly appears that it has abused its discretion. *Lahmann v. State*, 509 S.W.2d 791, 794[1–4] (Mo.App.1974).

 Movant has failed to show how defense counsel's failure to investigate his prior conviction record was unduly prejudicial or how such failure denied movant a fair trial. The trial judge explained to the jury that the information regarding a prior felony was incorrect, a "clerical error", and instructed the jury to disregard it. The court, however, did not grant a mistrial. Our court said when this matter was raised on direct appeal that the judge's explanation to the jury and instruction to the jury to disregard anything regarding a former conviction was sufficient relief. *State v. Tyler*, 556 S.W.2d 473, 476[6] (Mo.App.1977). In order to show ineffectiveness of counsel, movant has the burden of showing that counsel breached a duty to his client, and that such breach resulted in prejudice which deprived the party of a fair trial. *Thomas v. State*, 516 S.W.2d 761 (Mo.App.1974). Movant here has failed to show how counsel's inaction resulted in substantial, if any, deprivation of his right to a fair trial. *Aikens v. State*, 549 S.W.2d 117[8] (Mo.App. 1977). Furthermore, this matter was considered by us in direct appeal. See *Johnson v. State*, 553 S.W.2d 499 (Mo.App.1977).

 Similarly, movant has failed to show that his trial position would have been improved or that evidence of substance would have been uncovered if counsel had interviewed the state witness prior to trial. Defense counsel did cross-examine the witness at trial in an effort to impeach his credibility and to draw out information regarding either coercion, influence or animosity which might have determined his testimony. As the trial court indicated in its findings and conclusions on this motion, defense counsel's professional judgment—decisions regarding trial tactics and strategy—should not be second-guessed by hindsight. *McQueen v. State*, 475 S.W.2d 111 (Mo. banc 1971). Appellant's defense was not weakened by this decision of counsel.

Affirmed.

GUNN and CRIST, JJ., concur.