Curtis James TYLER, Appellant,

v.

Donald WYRICK, Appellee.

No. 80–1466.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 30, 1980.

Decided Dec. 31, 1980.

Norman W. Pressman, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., Jerry L. Short, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, GIBSON, Senior Circuit Judge, and HEANEY, Circuit Judge.

PER CURIAM.

Curtis J. Tyler appeals from the order of the District Court[1] dismissing Tyler's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In August 1975, appellant Tyler was convicted in the circuit court of the City of St. Louis of felony murder in the first degree. He received a life sentence. The conviction was affirmed on direct appeal by the Missouri Court of Appeals. *State v. Tyler*, 556 S.W.2d 473 (Mo. App.1977).[2] Tyler also petitioned unsuccessfully for post-conviction relief under Missouri Supreme Court Rule 27.26. *Tyler v. State*, 588 S.W.2d 3 (Mo.App.1979). Tyler asserts two claims for relief: (1) that he was denied due process because the trial court failed to instruct the jury on the lesser included offenses of murder in the second degree and manslaughter, and, (2)

that he was denied effective assistance of counsel.

Tyler's claim that jury instructions should have been given on murder in the second degree and manslaughter is without merit. State's witness and accomplice Sandra Ware testified that on the night of the murder Tyler discussed going to the home of the victim, John P. Hamilton, to rob him. He displayed two pistols to witness Ware at her home that evening. She accompanied Tyler to Hamilton's home where he again displayed a pistol and told witness Calvin Gale that he planned to rob Hamilton. Tyler and another man, sporting pistols, entered Hamilton's room. When Hamilton reached for a shotgun Tyler and the other man shot and fatally wounded him. The intruders fled without taking money or property. *See Tyler, supra,* 556 S.W.2d at 475.

A defendant in a criminal case is entitled to an instruction on his theory of defense if a timely request is made and the offered instruction is a correct statement of the law and is supported by the evidence. *United States ex rel. Means v. Solem*, No. 79-2017, (8th Cir. June 27, 1980). A state trial court's refusal to give an instruction does not alone raise a ground cognizable in a federal habeas corpus proceeding. *Davis v. Campbell*, 608 F.2d 317, 319 (8th Cir. 1979). The error must so infect the entire trial that the defendant was deprived of his right to a fair trial guaranteed by the due process clause of the fourteenth amendment. *United States ex rel. Means v. Solem, supra* at 19–20.

The Missouri Court of Appeals found that all the evidence supported the conclusion that Hamilton was shot in a robbery attempt, and that no evidence supported lesser offense instructions. *See Tyl-*

1. The Honorable John K. Regan, Senior United States District Judge for the Eastern District of Missouri.

2. The Honorable Theodore McMillian, then of the Missouri Court of Appeals and now of the United States Court of Appeals for the Eighth Circuit, wrote the opinion.

*er, supra*, 556 S.W.2d at 475–76. We agree. We are not persuaded by Tyler's suggestion that the victim provoked the shooting by reaching for a gun. In *State v. Ford*, 495 S.W.2d 408, 416–17 (Mo. en banc 1973), the defendant argued a second degree murder instruction should have been given because the employee of the cafe that defendant was robbing began the shooting. The Missouri Supreme Court held "the defendant was either guilty of participating in a robbery during which a homicide occurred and thereby guilty of murder in the first degree, or he was not guilty. The court did not err in refusing to instruct on murder in the second degree." *Id.* at 417. Therefore, even if the victim reached for the shotgun, only the first degree charge was proper. No evidence supported a lesser offense instruction. We affirm the District Court on this issue.

The events which form the basis of Tyler's ineffective assistance of counsel claim are as follows: Tyler was charged with first degree murder and first degree robbery by indictment dated March 21, 1975. On May 21, 1975, a substitute information was filed, altering the charge to first degree murder under the Habitual Criminal Act. A jury trial began August 15, 1975. During voir dire defense counsel told the jury that Tyler had a prior felony conviction and asked the prospective jurors whether they could follow an instruction to disregard the prior conviction as evidence of the murder.

Counsel's basis for believing Tyler had a prior felony conviction was the State's substituted information, which alleged a prior stealing conviction. Although Tyler told his attorney that he had no prior convictions, the attorney accepted the State's allegation with no further investigation. The State was subsequently unable to prove the prior conviction,[3] and Tyler was convicted

of murder and robbery, without habitual criminal enhancement.

After the hearing defense counsel moved for a mistrial on the basis that he had relied on information furnished to him by the Clerk's office in his voir dire examination. The court denied the mistrial, but instructed the jury:

During the voir dire examination counsel for the defendant made certain statements concerning prior convictions of the defendant. Those statements were made in reliance upon information supplied to him by the clerk's office. That information was not accurate, and the defendant has moved for the striking of his comments which he made before the jury was sworn. The Court does instruct you to disregard those remarks and they are to be stricken from the record.

The District Court denied habeas relief, finding that (1) the trial attorney did not fail to exercise the skills and diligence of a reasonably competent attorney, and (2) petitioner did not show he was prejudiced in the defense of his case. Tyler now claims that trial counsel was ineffective in that he disclosed an incorrect statement to the jury. He argues this indicates that trial counsel's pretrial investigation was inadequate. The State contends that relying on incorrect information and disclosing such information to the jury is at most a harmless error in judgment. The State further claims no prejudice resulted from the error. In fact, Tyler might have benefited from it.

██ This claim is governed by the well-known precept that a defendant "bears a heavy burden of proving unfairness resulting from alleged ineffective assistance of counsel." *Johnson v. United States*, 506 F.2d 640, 645 (8th Cir. 1974), *cert. denied*, 420 U.S. 978, 95 S.Ct. 1404, 43 L.Ed.2d 659 (1975). In this circuit, the evaluation of a

---

3.  A hearing on the prior conviction took place at the close of the State's evidence. The State offered into evidence the official record of a March 23, 1974, stealing conviction of "James Curtis Tyler alias Odell Laverne Field." Tyler denied the conviction, but conceded that his full name was James Curtis Tyler and that he knew an Odell Field. The trial court ruled that it was "not convinced" that petitioner was the same person who had been convicted of stealing.

claim of ineffective assistance of counsel is a two-step process. In order to prevail, "a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby." *Witham v. Mabry*, 596 F.2d 293, 298 (8th Cir. 1979), *quoting United States v. Hood*, 593 F.2d 293 (8th Cir. 1979).

■ Petitioner's trial counsel did not fail to exercise the customary skill and diligence that a reasonably competent attorney would exercise.[4] Tyler was not prejudiced by his counsel's representation. As the District Court pointed out, the matter complained of did not pertain to the petitioner's guilt or innocence. There was no failure to investigate possible defenses or admissible evidence, thus rendering misplaced any reliance on the *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974),[5] line of cases. The trial court's vigorous curative explanation to the jury ensured that no prejudice resulted. The court specifically told the jury that the remarks resulted from clerical error, were inaccurate, and should be disregarded. In addition, Tyler himself testified at trial that he had only a prior misdemeanor conviction. No prejudice occurred.

Affirmed.

---

4. However, the better practice would have been for trial counsel to assure himself of the validity of the prior conviction before bringing it to the jury's attention.

5. In *McQueen, supra*, trial counsel failed to do any pretrial investigation whatsoever other than interviewing the defendant himself, thus failing to uncover a viable self-defense strategy. Similarly, *Thomas v. Wyrick*, 535 F.2d 407 (8th Cir. 1976), is inapposite. In that case, counsel totally failed to interview witnesses who could have exonerated the defendant.