58

Clarence ADAMS, Petitioner,

v.

Charles SCULLY, Superintendent,
Green Haven Correctional
Facility, Respondent.

No. 85 Civ. 2934.

United States District Court,
S.D. New York.

June 1, 1987.

Lawrence A. Vogelman and Barry C. Scheck, New York City, for petitioner.

Mario Merola, Dist. Atty., Bronx County, Bronx, N.Y., for respondent; Mark L. Freyberg and Lee S. Gayer, Asst. Dist. Attys., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner seeks a writ of habeas corpus to vacate his judgment of conviction entered in the Supreme Court of the State of New York, Bronx County, upon a jury verdict which found him guilty of attempted murder in the second degree of a housing patrolman. He was sentenced to a term of imprisonment of from fifteen years to life. The judgment of conviction was affirmed by the Appellate Division, *People v. Adams*, 72 A.D.2d 156, 423 N.Y.S.2d 936 (1st Dep't 1980), and by the Court of Appeals, 53 N.Y.2d 1, 439 N.Y.S.2d 877, 422 N.E.2d 537 (1981). The United States Supreme Court denied a writ of certiorari, 454 U.S. 854, 102 S.Ct. 301, 70 L.Ed.2d 148 (1981). Thereafter he sought collateral relief under New York Criminal Procedure Law § 440.10 which was denied by the New York State Supreme Court, and leave to appeal to the Appellate Division was denied.

Petitioner then filed, pursuant to 28 U.S.C. § 2244(b) and (c), the instant petition alleging violation of his federal constitutional rights upon two claims: (1) denial of due process under the Fifth and Fourteenth Amendments, based upon the Trial Court's refusal to charge the lesser included offenses of reckless endangerment in the first and second degree and the affirmative defense of extreme emotional distress, and (2) denial of his right under the Sixth Amendment to effective assistance of counsel by his trial lawyer's inadequate cross-examination of a recanting witness whose testimony the prosecution deemed "essential." This Court referred the peti-

tion to Magistrate Nina Gershon pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b) and Local Magistrate Rule 8(b)(4), who found, as the respondent conceded, that the effective assistance of counsel claim had been exhausted, but that his claim with respect to failure to charge the lesser included offenses of reckless endangerment and the affirmative defense of extreme emotional disturbance had not. Accordingly, the Magistrate recommended under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) and *Picard v. Conner,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), that the petition be dismissed. The petitioner contends that he has exhausted available state remedies with respect to the latter claim and urges that his application be determined upon the merits.

■ This Court, upon an independent de novo review of the entire record, in accordance with the foregoing rules, finds that petitioner failed fairly to present to the state courts the legal premise of his claim of violation of his federal right to due process now advanced in his petition to this Court. *Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir.1982) (en banc), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). While the factual basis of the petitioner's claim was presented to the state court, petitioner did not assert or even hint that a violation of federal constitutional rights was at issue for the state courts' consideration.

A reading of the petitioner's briefs submitted to the Court of Appeals (pp. 34–42) and the Appellate Division (pp. 36–42) on the issue indicates that his sole contention was that the failure of the Trial Court to charge the lesser offenses and the affirmative defense of extreme emotional disturbance was "prejudicial" and "serious error," requiring reversal of the judgment of conviction. In sum, petitioner urged:

> The refusal of the trial court to submit reckless endangerment to the jury was not only a patent error, but it was severely prejudicial in depriving appellant of the opportunity to be tried for an offense reasonably presented by the record. Similarly, by failing to charge the defense of extreme emotional distur-

bance, defendant was deprived of the opportunity to have the jury consider the lesser offense of attempted manslaughter in the first degree. Either error requires reversal of the conviction and a new trial. (App.Div.Brief p. 41).

Indeed, a reading of the cases cited by petitioner in support of his claim indicates that all were Court of Appeals or Appellate Division cases which considered state law with respect to the evidentiary situation under which a lesser included offense is to be charged; not one of the cited opinions referred to any federal or state authority discussing the issue in federal constitutional terms.

■ Apparently recognizing the deficiency of his application for federal habeas corpus relief, petitioner relies upon the concept advanced by our Court of Appeals in *Daye* that the requirement of exhaustion of state remedies may be satisfied by "an allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Id.* at 194. The Court observed that for an issue to come within the "mainstream of constitutional litigation" it must appear "there is a well developed right, established by a long line of cases" sufficient to alert the State Court that a federal due process claim was being asserted. The record here looks in the opposite direction.

The issue of whether a defendant in a non-capital case has a constitutional right to a lesser included offense instruction to a jury has been expressly left open by the Supreme Court. *Beck v. Alabama,* 447 U.S. 625, 638 n. 14, 100 S.Ct. 2382, 2390 n. 14, 65 L.Ed.2d 392 (1980). Similarly, the issue is unresolved in this circuit. *Harris v. Scully,* 779 F.2d 875, 880 (2d Cir.1985); *Casillas v. Scully,* 769 F.2d 60, 63 (2d Cir.1985). The issue has divided other circuits. *Compare Ferrazza v. Mintzes,* 735 F.2d 967, 968 (6th Cir.1984); *Tyler v. Wynick,* 635 F.2d 752, 753 (8th Cir.1980), *cert. denied,* 452 U.S. 942, 101 S.Ct. 3089, 69 L.Ed.2d 958 (1981) *with Nicholas v. Gagnon,* 710 F.2d 1267, 1268–72 (7th Cir.1983), *cert. denied,* 466 U.S. 940, 104 S.Ct. 1918, 80 L.Ed.2d 465 (1984); *Bishop-Mazurkiewiez,* 634 F.2d 724 (3d Cir.1980) (en banc), *cert. denied,* 452 U.S. 917, 101 S.Ct. 3053, 69 L.Ed.2d 421 (1981).

**60**

*Beck* was decided after the Appellate Division affirmed petitioner's conviction, but before the Court of Appeals also affirmed. Thus there is no basis, as petitioner contends, that his federal constitutional claim here is one that is a "well developed right established by a long line of cases." Nothing was presented by petitioner to the state appellate courts that even vaguely hinted a federal constitutional claim was asserted. The courts would have had to divine that such was petitioner's claim. As the Magistrate aptly put it, "the federal courts cannot expect the state courts to be put on notice that they are to decide uncertain, controversial issues of federal constitutional law, where the state defendant relies exclusively on state law."

The petition is dismissed in accordance with the foregoing.

So ordered.