28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John SADLER, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 93-15083.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1994.*
Decided July 13, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 California state prisoner John Sadler appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition, challenging his conviction for second degree murder, using a firearm, and inflicting great bodily harm. Appellant contends that habeas relief should be granted because: (1) the trial court erred in refusing to give an instruction on "transferred self defense," (2) the trial court violated his right to cross examination, (3) the trial court impermissibly excluded defense evidence, (4) the trial court admitted previously excluded evidence, and (5) the prosecutor committed misconduct by presenting evidence contradicted by a police report. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 DISCUSSION
 
 3
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). Appellant's habeas claims revolve around "trial error"--error which occurred during the presentation of the case to the jury. See Brecht v. Abrahamson, 123 L.Ed.2d 353, 367 (1993). In reviewing these types of habeas claims we must determine whether the error "had substantial and injurious effect or influence in determining the jury's verdict." Id. at 373 (citation omitted). The petitioner is not "entitled to habeas relief based on trial error unless [he] can establish that it resulted in 'actual prejudice'." Id. (citation omitted).
 
 1. Jury Instruction
 
 4
 Appellant contends the trial court erred when it refused to issue a jury instruction on "transferred self defense."
 
 
 5
 A state trial court's refusal to give an instruction does not alone raise a ground cognizable in a federal habeas corpus proceeding. The error must so infect the entire trial that the defendant was deprived of his right to a fair trial guaranteed by the due process clause of the [F]ourteenth [A]mendment.
 
 
 6
 Dunckhurst v. Deeds, 859 F.2d 110, 114 (9th Cir.1988) (quoting Tyler v. Wyrick, 635 F.2d 752, 753 (8th Cir.1980), cert. denied, 452 U.S. 942 (1981)). A defendant has a right to a jury instruction on his theory of the case when it is supported by the law and the evidence. United States v. Tsinnjinnie, 601 F.2d 1035, 1040 (9th Cir.1979), cert. denied, 445 U.S. 966 (1980).
 
 
 7
 An instruction on transferred self defense is not supported by the law or the record of this case. The court properly instructed the jury on the traditional self defense instruction. The trial court did not err in denying appellant's proposed transferred self defense jury instruction.
 
 2. Limiting of Cross-Examination
 
 8
 Appellant contends the trial court violated his Sixth Amendment rights when it limited his cross-examination regarding drug activity in the house from where his alleged pursuers came.
 
 
 9
 "[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on [ ] cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).
 
 
 10
 The court limited the number of witnesses who could testify about drug activity. The basis of the ruling was that allowing similar testimony from every witness would be cumulative, whether certain people were at the house was not highly probative, and whether the house was a drug house had already been testified to and was not at issue. Review of the record supports the trial court's ruling limiting the testimony regarding drugs and gangs, and the ruling did not have a substantial and injurious effect or influence in determining the jury's verdict. See Brecht, 125 L.Ed.2d at 373.
 
 3. Exclusion of Evidence
 
 11
 Appellant contends that the trial court erred when it excluded evidence regarding drug dealing and gang activity associated with the house from which his alleged pursuers came. He claims that this was error because it prevented him from establishing a reasonable belief of fear of harm which is crucial to a claim of self defense.
 
 
 12
 "In a habeas proceeding, determining whether the exclusion of evidence in the trial court violated petitioner's due process rights involves a balancing test." Miller v. Stagner, 757 F.2d 988, 994, as amended, 768 F.2d 1090 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986). We consider the probative value of the evidence on the central issue, its reliability, whether it assists the trier of fact, whether it is cumulative, and whether it constitutes a major part of the attempted defense. Id.
 
 
 13
 Review of the record belies appellant's claim that evidence of the "drug house" and gang activity was impermissibly excluded. Several witnesses testified regarding nature of the house. The trial court permitted a proper amount of probative testimony regarding the drug and gang activity to assist the jury in determining whether appellant had a reasonable fear of harm.
 
 4. Expert Testimony
 
 14
 Appellant contends that the trial court erred when it allowed Officer Holland to testify as an expert regarding "strike marks"--the marks a bullet makes when it hits something--because Officer Holland was not qualified to testify as an expert.
 
 
 15
 Even if we assume that the testimony was improperly admitted, "failure to comply with the state's rules of evidence is neither a necessary nor a sufficient basis for granting habeas relief." Jamaal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991). We are concerned with whether the state proceedings satisfied due process. Id. Review of the record does not establish a due process violation. The trial court's admission of the officer's "strike mark" testimony did not actually prejudice appellant to the degree of having a "substantial and injurious effect or influence in determining the jury's verdict." See Brecht, 123 L.Ed.2d at 373.
 
 5. Prosecutorial Misconduct
 
 16
 Appellant contends the prosecutor committed misconduct when he elicited testimony from two officers. The officers testified that keys were found on the ground near the victim. Appellant claims that eliciting this testimony was misconduct by the prosecutor because the testimony was contradicted by a police report, not admitted into evidence, which stated that the keys were found clasped in the victim's right hand.
 
 
 17
 Appellant failed to raise the misconduct claim on direct appeal. The district court was correct in finding that appellant's claim of misconduct was procedurally barred under California law. "[T]he initial question to be decided in all cases in which a defendant complains of prosecutorial misconduct for the first time on appeal is whether a timely objection and admonition would have cured the harm. If it would, the contention must be rejected; if it would not, the court must then and only then reach the issue whether on the whole record the harm resulted in a miscarriage of justice within the meaning of the Constitution." People v. Green, 609 P.2d 468, 487-88 (Cal.1980) (internal citations omitted).
 
 
 18
 Appellant did not object to the alleged misconduct at trial. The alleged misconduct could have been cured by a timely objection. Thus, the district court did not err in when it determined that appellant's claim of prosecutorial misconduct was procedurally barred.
 
 
 19
 Appellant contends that the state should have been bound by an offered plea agreement. "A plea agreement is contractual in nature and is measured by contractual standards." United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991). The withdrawal of the plea offer was not a breach of an agreement. The district court did not err in finding that this argument did not present a cognizable claim.
 
 CONCLUSION
 
 20
 Appellant's petition for habeas relief is denied.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3