**STATE of Missouri, Respondent,**

**v.**

**Edward COURTNEY, Appellant.**

**No. 52927.**

Supreme Court of Missouri,
Division No. 2.

March 11, 1968.

Norman H. Anderson, Atty. Gen., Deann Duff, Asst. Atty. Gen., Jefferson City, for respondent.

J. Whitfield Moody, The Legal Aid and Defender, Society of Greater Kansas City, Kansas City, for appellant.

DONNELLY, Judge.

Defendant, Edward Courtney, was convicted of first-degree robbery under § 560.-120 RSMo 1959, V.A.M.S., by a jury in the Circuit Court of Jackson County, Missouri, and his punishment under the provisions of the Habitual Criminal Act, § 556.-280 RSMo 1959, V.A.M.S. (as amended Laws 1959, S.B. 117), was assessed at imprisonment in the custody of the State Department of Corrections for a term of

fifteen years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court. We affirm.

■ Defendant does not question the sufficiency of the evidence. The robbery occurred August 9, 1966, near Hy's Food Center in Jackson County, Missouri. The victim, Orville Donald Henderson, testified as follows:

"Q Mr. Henderson, please tell the jury in your own words just what happened? A Well, as I say, I was making a delivery at 2219 Indiana and I parked the truck and was in the back unloading, pitching meat to the rear, and all at once I looked around and this man was behind me with a four barreled Derringer pointed at me, and he asked me to give him my wallet, and I refused, and he hit me I think it was three times with his left hand, and I shoved him a little bit, and then he said, 'Come on or I'll shoot,' and then I got scared and he reached around and took my wallet and rushed out the back door and ran.

"Q Mr. Henderson, are you able to recognize the man that came into the truck and pointed this four barreled pistol at you, as you have described? A Yes, sir.

"Q Do you see him in the courtroom now? A I do.

"Q Where is he? A Right there (indicating).

"Q Seated at the second chair at the counsel table?

"A Yes, ma'am—yes, sir.

"Q You are pointing at the defendant, Edward Courtney, is that correct? A Yes, sir.

&ast;&ast;&ast;&ast;&ast;&ast;

"Q What was in your wallet when Mr. Courtney took it, as you described it? A Well, there was three dollars—I think was three dollars plus all of my belongings, driver's license, papers, pictures of my kids and—"

&ast;&ast;&ast;&ast;&ast;&ast;

"Q Now, Mr. Henderson, what did you do immediately after Mr. Courtney got out of the truck? A Well, I got out of the truck myself.

"Q Then what happened to you? A And I watched him run across Indiana, up 22nd Street west, and then he stopped at a car, but he didn't get in, he just kept running on up around the corner and then this car pulled out and left and I went back and called the police at Hy's Super Market."

It is evident that the evidence is ample to sustain the conviction.

The following occurred during closing argument of defendant's counsel:

"Now, if this man is found guilty by you today, the minimum sentence that he can receive is five years—

"MR. DUBOC: (Interrupting) Wait a minute. Now, there is no evidence of any punishment in this case. It is entirely in the hands of the Court and I object to the argument for that reason.

"THE COURT: The objection is sustained."

Defendant contends the trial court erred in sustaining the objection. He urges that the "jury had the right to know what the punishment was because it indicated the serious nature of the crime the defendant was charged with and they had a right to know of its serious nature."

■ In 1959, the Habitual Criminal Act (§ 556.280 RSMo 1959), was amended to require that punishment be determined by the trial judge and not by the jury. State v. Watson, Mo.Sup., 400 S.W.2d 129, 133. The constitutionality of the 1959 enactment has been upheld by this Court. State v. Wolfe, Mo.Sup., 343 S.W.2d 10; State v. Morton, Mo.Sup., 338 S.W.2d 858. The Act requires that evidence "of the prior conviction, sentence and subsequent imprisonment or fine, parole, or probation

shall be heard and determined by the trial judge, *out of the hearing of the jury* prior to the submission of the case to the jury, * * *." (Emphasis ours.)

 It was the function of the trial judge to determine punishment. The argument of defendant's counsel did not bear on an issue to be determined by the jury. The trial judge did not err in sustaining the objection. State v. Sims, Mo.Sup., 395 S.W. 2d 445, 452; State v. Niehoff, Mo.Sup., 395 S.W.2d 174.

After the return of the verdict, the jury was discharged and the following proceedings were had in open court:

"MR. WILSON: Do you want to wait until after you have ruled on the Motion for a New Trial to sentence—or do you want to do that—

"THE COURT: (Interrupting) Bring the prisoner forward right now. I am not sentencing him now. I am fixing the punishment.

"MR. WILSON: I understand, Judge.

"THE COURT: The sentence is fifteen years in the Department of Corrections, State of Missouri.

"MR. WILSON: May I say something or is it too late for that?

"THE COURT: No.

"MR. WILSON: I would like to point out to the Court that one of the objects in sentencing is to obtain some form of uniformity. Of course, the other day one of our more heinous criminals and robbers—

"THE COURT: (Interrupting) If there is a plea of guilty though, to save the State—that has no application to this. This was robbery with a gun and the defendant wanted to stand trial. He had a fair trial in my opinion. That is the sentence, or that is the punishment fixed at this time.

"How much time do you want to file your Motion for a New Trial?

"MR. WILSON: Just the normal ten days."

Defendant contends this portion of the record shows that the trial court, in assessing punishment, penalized the defendant for standing trial. We do not agree. There is no ground for complaint that the punishment is excessive. It is within the limit imposed by law. Section 560.135, RSMo 1959, V.A.M.S. The point is without merit.

An examination of the record as required by Rule 28.02, V.A.M.R., discloses no error. The judgment is affirmed.

All of the Judges concur.