**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Sidney H. HAMILTON,
Defendant-Appellant.**

**No. 39281.**

Missouri Court of Appeals,
St. Louis District,
Division One.

July 11, 1978.

E. D. Lofftus, Fenton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant Sidney H. Hamilton appeals from a judgment of conviction entered by the circuit court of Franklin County upon a jury verdict finding him guilty of stealing over $50.00, a felony, §§ 560.156, 560.161, RSMo 1969. Appellant was sentenced to a term of five (5) years imprisonment. For reversal appellant argues that the trial court erred in (1) denying his motion for a protective order prior to voir dire examination and overruling his objections to the introduction of testimony relating to an attempted arrest at the Diamonds Restaurant and (2) overruling his objections to the introduction of testimony related to his arrest record. For the reasons discussed below, we affirm the judgment.

At approximately 12:15 a. m., on February 14, 1976, appellant was arrested and charged with the theft of a CB radio, a speaker and a tape deck. These items belonged to a Duane Schneider but were in appellant's possession at the time of the arrest. At trial Mr. Schneider testified that he discovered this equipment was missing from his automobile at 8:00 a. m., on February 14, 1976.[1]

Appellant testified at the trial and denied stealing the equipment. Appellant testified that he purchased the items from Butch Rose for $50.00. Mr. Rose testified and confirmed the sale of the equipment. On direct examination appellant also testified that he had been "going straight" since the time of his prior arrests in 1969. The prosecuting attorney cross-examined appellant about arrests subsequent to 1971; this testimony was admitted over objection.

At trial appellant's counsel made a motion for a protective order to restrain the prosecution and police officers from testifying about an attempted arrest at the Diamonds Restaurant earlier in the evening of February 14. This motion was overruled. Over objection Deputy Sheriff Robert Mittler testified that he was on duty on February 14, 1976, and was parked behind the Diamonds Restaurant at about 12:15 a. m. Deputy Sheriff Mittler saw an automobile enter the parking lot and then stop. He approached to within twenty feet of the automobile when it left the parking lot at a high rate of speed. He fired a shot at the vehicle. Deputy Sheriff Mittler broadcast a description of the car and its direction. Appellant's car was subsequently stopped by another police officer.

■ First, appellant argues that the trial court erred in denying his motion for a protective order prior to voir dire examination and overruling his objections to the

---

1. Police discovered and arrested appellant in possession of the victim's goods prior to time victim missed his goods at 8:00 A.M., February 14, 1976.

introduction of testimony related to an attempted arrest at the Diamonds Restaurant. Appellant argues that the prosecution was thus allowed to introduce highly inflammatory and prejudicial evidence which was not relevant to the present case. Appellant argues that this evidence of an attempted arrest deprived him of his right to a fair trial. We disagree. This evidence, specifically that of Deputy Sheriff Mittler, was admissible as evidence showing flight and therefore indicative of guilt.

Unexplained flight is a relevant circumstance in connection with guilt or innocence. Flight may be either from the scene of the crime or elsewhere if it is in order to avoid arrest or prosecution. Remoteness of the flight—in space and time—from the scene and time of the alleged crime goes only to the weight of the evidence and not to its admissibility. . . .[2] (*State v. Rutledge*, 524 S.W.2d 449, 458 (Mo.1975))

*State v. Coleman*, 441 S.W.2d 46, 53 (Mo. 1969); *See also State v. Woodard*, 499 S.W.2d 553, 556 (Mo.1973).

■ Appellant also contends that flight from the Diamonds Restaurant parking lot was not an indication of guilt of stealing equipment from a different location. Appellant further argues that the admission of the evidence of the attempted arrest prejudiced the present case because he was not being tried for crimes committed at the Diamonds Restaurant. This argument is without merit. As noted above, ". . . [f]light may be either from the scene of the crime or elsewhere if it is in order to avoid arrest or prosecution. . . ." *State v. Rutledge*, supra, at 458. For example, in *State v. Collett*, 542 S.W.2d 783 (Mo. banc 1976), the defendant argued that the trial court erred in admitting evidence of an escape while the defendant had multiple charges pending against him. The court, however, disagreed and held that evidence of flight is admissible at a trial of any of the charges and the weight to be given the

evidence is a matter for the jury. *Id.* at 787. Furthermore, as noted in *State v. Nienaber*, 347 Mo. 615, 148 S.W.2d 1024, 1027 (1941), ". . . [o]ne may flee to avoid arrest for more than one offense. . . ." Therefore, we reject appellant's first contention.

■ Appellant next argues that the trial court erred in overruling his objections related to cross-examination of appellant about his prior arrest record. The general rule is that a witness's credibility cannot be attacked by evidence of mere arrests which do not result in convictions. *E. g., State v. Elbert*, 471 S.W.2d 170 (Mo.1971); *State v. Macon*, 547 S.W.2d 507, 515 (Mo.App.1977); *State v. Sanders*, 360 S.W.2d 722, 725 (Mo. 1962); *State v. Rumfelt*, 258 S.W.2d 619, 619–620 (Mo.1953). Once an accused has, however, on direct examination, voluntarily opened up the subject of his good character, he may be impeached with prior arrests to test: (1) whether he truthfully is a person of good character and (2) his trustworthiness and credibility as a witness in his own behalf. *State v. Macon*, supra, at 514; *see also State v. Todd*, 468 S.W.2d 632 (Mo. 1971); *State v. Withers*, 347 S.W.2d 146 (Mo.1961).

■ But ever more in point, in the present case, after appellant testified that he had been convicted in 1969 for three separate offenses, imprisoned therefor and released in June 1971, his attorney asked him whether he had tried to go straight since that time. In response, appellant asserted that he had been "going straight" with the qualification that he had been picked up for traffic tickets. In this posture, the prosecutor on cross-examination, developed and obtained admission from appellant that he had been arrested—in August 1972 for armed robbery, in September 1972 for carrying a concealed weapon, in May 1974 for malicious destruction of property, and in August 1974 for armed robbery and assault with intent to kill. In fact, appellant subsequently admitted that he pled guilty to the May 1974 charge.

---

**2.** In *State v. Ball*, 339 S.W.2d 783 (Mo. banc 1960), our Supreme Court held that unexplained flight, even thirty days after the commission of a crime, is a relevant circumstance to be considered.

In our opinion, we hold that the cross-examination of appellant was, under the circumstances developed, a permissible attempt to impeach his obvious effort to present to the jury a record of prior good conduct after his release from the penitentiary in June, 1971. Consequently, the trial court did not err in overruling appellant's objections to the prosecutor's cross-examination about appellant's prior arrests. *State v. Elbert*, supra, at 172.

Judgment affirmed.

CLEMENS, P. J., and SMITH, JJ., concur.