STATE of Missouri, Respondent,

v.

Ozell JOHNSON, Appellant.

No. 39776.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 4, 1979.

Charles E. Kirksey, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Michael Elbein, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant was convicted of carrying a concealed weapon. On appeal, he cites as reversible error: (1) permitting the prosecutor to cross-examine a defense witness anent prior arrests; (2) comments of the trial court directed to defense counsel; (3) the procedure by which the initial trial judge, after being disqualified, transferred the case to another judge. We affirm.

In response to a police radio broadcast about a robbery and kidnapping, St. Louis Police Officer Robert Bartram proceeded to the street on which defendant resided. Approaching defendant's residence, Officer Bartram observed an auto which had been described in the police broadcast and followed it. The auto stopped across the street from defendant's residence, and its three occupants, including defendant, began to alight. Officer Bartram stopped immediately behind the auto in which defendant was a passenger, drew his revolver and confronted him, announcing his identity as a police officer. Officer Bartram testified

that as the defendant was getting out of the auto, he reached under his sweater and produced a pistol which had been concealed from view. The officer ordered defendant to drop the gun which was promptly done. Defendant was then arrested and his loaded automatic pistol was retrieved to be placed in evidence as an exhibit.

At trial, defendant relied on three witness—his wife, a next door neighbor, both observing the episode from across the street, and Walter Parker, a passenger in the auto with him. Each of the three witnesses testified they had not seen the defendant draw a gun from under his sweater.

Defendant's first point on appeal concerns the following prosecutor's cross-examination of defense witness Walter Parker as to prior arrests:

Q. [Prosecutor] Have you ever been convicted of a felony?

A. [Walter Parker] No, sir, have no record.

Q. You say you have no record?

A. No record.

Q. That mean you've never been arrested?

A. No, sir.

Q. Never?

A. Well, for _____

MR. KIRKSEY [Defense Counsel]: I'm going to object to that your Honor.

A. _____ for loitering.

The court overruled the objection stating that Walter Parker had opened himself to impeachment by prior arrests by responding that he had "no record". The State then questioned Mr. Parker about three arrests which were denied.

■ Defendant is correct in asserting that as a general rule it is impermissible to impeach the credibility of a witness by inquiry into prior arrests. *State v. Dunn,* 577 S.W.2d 649 (Mo. banc 1979); *State v. Pulis,* 579 S.W.2d 395 (Mo.App.1979); *State v. Massa,* 512 S.W.2d 912 (Mo.App.1974). However, where a witness attempts to portray to the jury that he is of good character and therefore a credible witness, he may

then be impeached by questions concerning arrests. *State v. Elbert,* 471 S.W.2d 170 (Mo.1971); *State v. Macon,* 547 S.W.2d 507 (Mo.App.1977). Here, Walter Parker, by responding that he had "no record" in answer to the question as to prior felony convictions voluntarily put his good character into issue and thereby subjected himself to impeachment by inquiry into prior arrests.

■ Defendant's second point relates an alleged enmity displayed by the trial court. During closing argument, defense counsel commented to the jury on the punishment which it could assess: "Whether or not you're going to take a man away from his job . . . and slap him in the penitentiary for five years . . . ." Objection was sustained. The trial court ordered the jury to disregard the comment and admonished defendant's counsel not to "make any more statements like that. That was totally improper." Defendant contends that the trial court's action in directing the jury to disregard the remark and in admonishing his counsel, particularly in the absence of a request by the State, manifested an improper attitude of hostility toward him. There is no merit in this argument. As the case was tried under the Second Offender Act, it was improper for defendant's counsel to argue punishment to the jury. *State v. Courtney,* 425 S.W.2d 121 (Mo.1968). Under the circumstances, we cannot find that the trial court's action was an abandonment of a neutral position nor an abuse of its discretion as not being totally without justification. *State v. Barron,* 465 S.W.2d 523 (Mo.1971).

■ Defendant's final point challenges the assignment of the case to the judge before whom the case was tried. Defendant filed a motion to disqualify the initial trial judge. The motion was granted with the judge reassigning the case to the trial judge who presided over the trial. Defendant complains as a denial of due process of the procedure whereby the disqualified judge selects his successor. This precise point was raised and rejected in *State v. Day,* 506 S.W.2d 497 (Mo.App.1974). *See:*

Mo.Const. Art. V, § 15; Rules 30.12, 30.13, 30.14 and 30.16. Although defendant contends that St. Louis Circuit Court local rules require a disqualified judge to refer the case back to the criminal assignment division for reassignment, no evidence was offered to support such a contention. The disqualified judge specifically followed Rule 30.16. We find no error in the assignment procedure.

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.