STATE of Missouri, Respondent,

v.

Paul J. STEARNS, Appellant.

No. 42394.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 28, 1981.

Motion for Rehearing or Transfer to Supreme Court Denied June 12, 1981.

Shaw, Howlett & Schwartz, Douglas Levine, Clayton, for appellant.

John Ashcroft, Atty. Gen., Suzanne M. Boersig, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant-Appellant was convicted of manslaughter. His appeal alleges the following errors: (1) that there was insufficient evidence to support the conviction; (2) that he was improperly limited to six rather than twelve peremptory challenges; (3) that a voluntary intoxication instruction should not have been given; (4) that he was improperly restricted in cross-examination of a state's witness who was on probation; (5) that he was wrongly denied the minutes of the grand jury proceedings by which he was indicted. We affirm.

What began as a festal evening of fun and drink terminated in death for Terry Bergmann, a Tampa, Florida police officer visiting his family in the St. Louis area, and the manslaughter conviction of defendant. The site of the tragedy was a north St. Louis County home where a rather rowdy party progressed through the night and early morning hours of September 22–23, 1978. After an exchange of some mordant comments, a fight broke out between defendant and the victim. A handgun in defendant's possession discharged inflicting a mortal head wound to the victim.

Although the testimony of the state's and defendant's witnesses is rife with inconsistencies, we heed the following fundamental legal guideposts in deciding the issues. We are to view the evidence in the light most favorable to the state. *State v. Morgan*, 592 S.W.2d 796, 805 (Mo. banc 1980), *rev'd and remanded on other grounds*, —— U.S. ——, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980) and readopted as modified in *State v. Morgan*, 612 S.W.2d 1 (Mo. banc 1981); *State v. Wooten*, 606 S.W.2d 810, 811 (Mo.App.1980). A determination must be made whether sufficient substantial evidence exists from which reasonable persons could have found the defendant guilty. *State v. Harris*, 602 S.W.2d 840, 842 (Mo.App.1980). It is the jury's function to determine the credibility of the witnesses, and it is free to believe or disbelieve all, part or none of the testimony of any witness, choosing to accept the state's evidence and reject the defendant's. *State v. Holt*, 592 S.W.2d 759, 774 (Mo. banc 1980); *State v. Lieberknecht*, 608 S.W.2d 93, 98 (Mo.App.1980). The testimony of a single witness can be sufficient to find the defendant guilty, although the testimony may contain inconsistencies. *State v. New-*

*berry*, 605 S.W.2d 117, 121 (Mo.1980); *State v. Shaw*, 602 S.W.2d 17, 19–20 (Mo.App. 1980); *State v. Longmeyer*, 566 S.W.2d 496, 499–500 (Mo.App.1978).

▪ The evidence produced by the state would allow the jury to find that the defendant obtained a pistol from a friend at the party; that while scuffling with the victim, defendant was in possession of the gun; that the gun was fired inflicting a fatal wound in the victim's head. The victim's brother, who was the only witness actually to see the gun fired, testified that he saw the defendant point the gun at the victim's head and fire it as the victim was held helpless in a headlock.[1] The victim's brother testified that the bullet entered the victim's left cheek, whereas the medical testimony was that the fatal wound was to the right cheek. But, as mentioned, that inconsistency and the bias of the witness were for jury resolution. Considering the evidence and reasonable inferences therefrom in the light most favorable to the state, we conclude that there was sufficient substantial evidence to support the jury's verdict.

▪ Defendant's second point of alleged error deals with the trial court's limitation of six peremptory jury challenges. At the time of the offense—1978—§ 546.-180, RSMo 1969, allowed twelve peremptory challenges. However, § 546.180, RSMo 1979, allowing only six such challenges, was in effect at the time of trial. Defendant argues that application of the six challenges stricture is an unlawful retrospective application of the 1979 statute and an interference with his right to trial by jury. Not so. The number of peremptory challenges to which a defendant is entitled is purely a procedural matter, not involving substantial rights. *State v. Eaton*, 316 Mo. 995, 1006, 292 S.W. 70, 74–75 (1927); *State v. Brown*, 554 S.W.2d 574, 578 (Mo.App.1977). Thus, the procedural aspects of § 546.180, RSMo 1979, limiting the number of peremptory challenges to six, were properly applied, even though not in effect at the time of the offense.[2] Certainly, defendant utterly failed in any kind of proof that the restriction in the number of peremptory challenges impaired his right to trial by an impartial jury.

▪ Next, defendant attacks the voluntary intoxication instruction submitted by the state for the reasons that it was not MAI–CR, presents collateral matters, and was not related to any element of the offense charged or defenses raised.[3] But defendant's position is destitute of merit. At the time of trial, October 15, 1979, it was proper to instruct the jury that voluntary intoxication would not serve as a defense to a criminal charge if there was evidence of defendant's intoxication at the time of the crime. *State v. Cole*, 588 S.W.2d 94, 99 (Mo.App.1979); *State v. Wagner*, 587 S.W.2d 299, 301 (Mo.App.1979). This is so even if intoxication is not raised as a defense. *State v. Maggitt*, 517 S.W.2d 105, 108 (Mo. banc 1974). The record amply supports the giving of the instruction as even defendant testified that he had been drinking and was "relatively high" in the boisterous atmosphere abiding at the time of the shooting. The instruction was therefore proper, as it was simple, brief, impar-

---

1. The defendant testified that due to an injury, he had scarce use of his right arm, which was alleged to have held the victim in a vise-like grip.

2. For a treatment of the law regarding retrospective application of statutes, *see State v. Walker*, 616 S.W.2d 48 (Mo. banc 1981); *State ex rel. St. Louis-San Francisco Railway Co. v. Buder*, 515 S.W.2d 409, 410 (Mo. banc 1974); *White v. St. Louis-San Francisco Railway Co.*, 602 S.W.2d 748, 756 (Mo.App.1980).

3. The voluntary intoxication instruction reads:

> The Court instructs the jury that if you find and believe from the evidence that the defendant was voluntarily intoxicated at the time of the alleged offense charged, you should not consider such intoxication as constituting any excuse, mitigation or extenuation of the alleged offense, because voluntarily [sic] drunkenness is no excuse for the commission of a crime if you find and believe from the evidence beyond a reasonable doubt that the defendant did commit said offense. [Not in MAI–CR, (*State v. Richardson*, 495 S.W.2d 435, 440, Mo. banc) by State].

tial and free from argument,[4] although non-MAI–CR.[5]

Defendant's next complaint pertains to the trial court's denial of his request to cross-examine the state's principal witness, Michael Bergmann, as to whether he was on probation for a criminal offense. Defendant's counsel had records available from the St. Louis County Circuit Clerk's office establishing that Michael Bergmann had pleaded guilty to a misdemeanor with subsequent suspended imposition of sentence and probation. Defendant argues that the proposed line of inquiry was proper impeachment, relying on *United States v. Hall*, 588 F.2d 613, 615 (8th Cir. 1978), allowing inquiry for impeachment purposes into convictions in which there has been a suspended imposition of sentence. Defendant's argument is that the trial court's restrictive action resulted in a denial of his constitutional right to confront witnesses.

Although § 491.050, RSMo 1979 permits impeachment of witnesses with evidence of prior crime convictions, generally credibility may not be attacked by showing arrests, investigations or criminal charges not resulting in conviction. *State v. Clayburne*, 592 S.W.2d 282, 283 (Mo.App.1979); *State v. Johnson*, 586 S.W.2d 808, 809 (Mo. App.1979).[6] But credibility of a witness may not be challenged under § 491.050 where sentence has not been imposed, as in this situation. *State v. Frey*, 459 S.W.2d 359, 362 (Mo.1970). *United States v. Hall*,

relied on by defendant involves application of federal standards which permit impeachment on a suspended imposition of sentence. *United States v. Collins*, 552 F.2d 243, 247–48 (8th Cir. 1977), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977). Thus, the trial court committed no error in refusing the inquiry into the misdemeanor conviction with suspension of sentence.

Defendant contends that cross-examination of Michael Bergmann's probationary status was proper to disclose his possible bias or interest. Defendant raises the circumstance in which a witness who has been arrested or charged with a crime, but not prosecuted, can be cross-examined as to his interest in testifying favorably for the state in exchange for a promise of leniency. *State v. Lockhart*, 507 S.W.2d 395, 396–97 (Mo.1974). But that is not the situation in this case, and defendant fails to infer any motivation for the witness to testify for the state as a trade off for leniency. There was no abuse of the trial court's considerable discretion in limiting the scope of cross-examination in this regard. *State v. Morgan*, 592 S.W.2d at 806; *State v. Dunn*, 577 S.W.2d 649, 653 (Mo. banc 1979); *State v. Cutts*, 600 S.W.2d 75, 76 (Mo.App.1980); *State v. Darris*, 587 S.W.2d 89, 92 (Mo.App. 1979). Any source of bias by Michael Bergmann was his relationship with his brother, the victim. And this is amply delved into in the course of the trial.

Finally, defendant cites as error the trial court's refusal to grant his request

---

4. Rule 20.02(d), in effect at the time of trial. [Now Rule 28.02(d)].

5. It should be noted that MAI–CR 3.30.1, which permits a jury to consider evidence of a defendant's intoxication in determining whether he acted with the intent necessary to convict him of the crime charged, applies to trials concerning offenses which occur after January 1, 1979. This instruction complies with § 562.076, RSMo 1979 which changes prior Missouri law, making an intoxicated person generally responsible for conduct unless his condition negatives the existence of the requisite mental status. This statute does not apply to any offense committed prior to January 1, 1979. *State v. Thompson*, 588 S.W.2d 36, 38 (Mo.App.1979); *State v. Rogers*, 583 S.W.2d 293, 295 (Mo.App.1979); § 556.031.3, RSMo 1979.

6. An exception to the general rule that it is impermissible to impeach the credibility of a witness by inquiry into prior arrests arises when the witness attempts to portray to the jury that he is of good character and is therefore credible. The witness subjects himself to impeachment by inquiry into prior arrests in such instance. *State v. Johnson*, 586 S.W.2d at 809 (witness' claim that he had "no record" subjected him to impeachment by inquiry into prior arrests); *State v. Hamilton*, 569 S.W.2d 350, 352 (Mo.App.1978) (same result where witness asserted he had been "going straight"); *State v. Macon*, 547 S.W.2d 507, 514–15 (Mo. App.1977) (same result where witness asserted that he had never before been in trouble).

that the grand jury record be made available, asserting that failure to record the grand jury proceedings denied him due process and equal protection of the law as he was unable adequately to prepare his case and cross-examine and confront adverse witnesses effectively. Similar arguments were raised and rejected in *State v. Greer*, 605 S.W.2d 93 (Mo.1980), and *State v. Shives*, 601 S.W.2d 22, 25 (Mo.App.1980). *See also State v. Richards*, 467 S.W.2d 33, 36 (Mo.1971); *State v. Bibbs*, 461 S.W.2d 755, 758 (Mo.1970); *State v. McCaine*, 460 S.W.2d 618, 620 (Mo.1970) (holding that a defendant was not entitled to inspection of the grand jury transcript to facilitate discovery or preparation of defense). In this case there was no abuse of the trial court's discretion in refusing to order or make available the transcript of the grand jury proceedings. *State v. Greer*, 605 S.W.2d at 95, 96; *State v. Shives*, 601 S.W.2d at 25.

Judgment affirmed.

PUDLOWSKI, P. J., and WEIER, J., concur.