**STATE of Missouri, Plaintiff-Respondent,**

v.

**George FORD, Defendant-Appellant.**

**No. 43210.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 13, 1981.

MacArthur Moten, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., George A. Peach, Circuit Atty., for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted of two counts of first degree assault. His appeal charges trial court error in failing to declare a mistrial after comments by witnesses to a separate crime and in allowing a witness to testify that defendant had made threatening telephone calls to her. We affirm.

Evidence of defendant's guilt is overwhelming. On the day of the crime, defendant went to a north St. Louis apartment in which Clifford Johnson was staying with his girlfriend, Cynthia Stevenson Boyd. Defendant was admitted to the apartment and a brief verbal argument ensued between him and Johnson, culminating in defendant's producing a gun and shooting Johnson in the ear and leg. He then fired three shots at Ms. Boyd, striking her each time. He put the gun directly to her face and pulled the trigger twice but the weapon misfired. Defendant then wrested a knife from Ms. Boyd and stabbed her twice. Leaving Ms. Boyd on the floor with her wounds, defendant again turned his attention to Johnson. He stood over Johnson's prostrate body and shot him in the back, leaving his legs permanently paralyzed. His assault completed, defendant exited. When later confronted by police he fully acknowledged his attack on Ms. Boyd and Johnson. At trial defendant related that he had gone to see Johnson and Boyd and that an argument commenced. According to defendant, Johnson had produced a gun which somehow went off as the two grappled on the floor, apparently accounting for Johnson's wounds. No explanation was offered for the gunshot wounds to Ms. Boyd. Shaky corroboration for defendant's version of the incident came from his girlfriend, who incidentally was Ms. Boyd's sister, and supposedly was present during the fracas. Both Johnson and Ms. Boyd denied the sister's presence in the apartment.

During defendant's testimony the following colloquy ensued between the prosecutor and defendant:

Q Now, on direct examination you stated you knew the difference between an automatic and revolver. How do you know that difference?

A Well, I have seen a lot of guns.

Q Ever had one yourself?

A No.

Q Ever used one? Ever shoot anyone?

A No.

Q Ever tell anyone you shot someone?

A No.

Later, the prosecutor advised the court that he intended to impeach defendant's credibility by asking Ms. Boyd on rebuttal whether defendant had admitted to her that he had shot someone. The following question and answer were forthcoming:

Q (By Mr. Warren) [Prosecutor] What [sic] George Ford tell you about another shooting?

A He was telling me how he had a robbery. How he shot the man in the robbery.

The record leaves no doubt that "the robbery" portion of the answer was totally unsolicited and unexpected. The trial court carefully instructed the jury to disregard the remark about the robbery, but denied requests for a mistrial.

▪▪▪ Another rebuttal witness was permitted to testify that the defendant had confided to her that he had shot another person. Thus, defendant's first point of appeal is framed: a mistrial should have been declared at the mention of another crime. The drastic action of mistrial does not appear to be required in this situation. As noted defendant disclaimed ownership, use, or involvement with guns in any manner. Testimony elicited from rebuttal witnesses regarding admitted use of guns therefore seems to be within fair purview of impeachment. After taking the stand, defendant may be contradicted and impeached as any other witness. *State v. Black*, 587 S.W.2d 865, 878 (Mo.App.1979). And specific acts of misconduct which may or may not have had basis for conviction may be shown to discredit his veracity. *State v. Weaver*, 591 S.W.2d 727, 730 (Mo. App.1979); *State v. Williams*, 492 S.W.2d 1, 7 (Mo.App.1973).

▪▪▪ The interrogation in issue does not run afoul of the strictures of *State v. Dunn*, 577 S.W.2d 649 (Mo.banc 1979), which prohibits detailed statements of defendant's alleged prior acts of misconduct during cross-examination. In this case, there was no objection raised to the question during defendant's cross-examination regarding his

shooting of another, and no details were given as to such misconduct. The interrogation was designed only to discredit the truthfulness of defendant. *State v. Williams*, 492 S.W.2d at 7. In this case, defendant attempted to portray a character of innocence in dealing with weapons. Thus, he exposed himself to a challenge of credibility in this regard. *State v. Whitt*, 592 S.W.2d 316, 317 (Mo.App.1979); *State v. Johnson*, 586 S.W.2d 808, 809 (Mo.App. 1979). The scope of rebuttal testimony is within the discretion of the trial court, and we find no abuse of discretion under the circumstances here presented. *State v. Taylor*, 589 S.W.2d 302 (Mo.banc 1979); *State v. Williams*, 442 S.W.2d 61 (Mo.banc 1968); *State v. Weeks*, 603 S.W.2d 657 (Mo. App.1980); *State v. Johnson*, 586 S.W.2d 437 (Mo.App.1979).

Nor did the mention of the robbery in connection with the one witness' rebuttal concerning the shooting incident prejudice defendant. The remark was merely volunteered, an unintentional revelation, and the jury was instructed to disregard it. We defer to the trial court's coign of vantage to judge the prejudicial effect of such a volunteered statement and find no abuse of discretion in failing to declare a mistrial. *State v. Crawford*, 619 S.W.2d 735 (Mo. 1981); *State v. Warden*, 591 S.W.2d 170, 172 (Mo.App.1979).

The other point urged by defendant is that it was error to admit evidence that he had made threatening telephone calls to a state's witness. The witness testified that she had known defendant "about a year" and had been in his company "a whole lot" and had had conversations with him; that he had called her on the telephone four times since the crime charged; that he had identified himself to her and that she recognized his face. There was substantial basis, therefore, to relate the threats made to her over the telephone by defendant. *State v. Smith*, 498 S.W.2d 595, 598–99 (Mo.App.1973). And certainly, such threats were relevant evidence. *U. S. v. Neville*, 516 F.2d 1302, 1308 (8th Cir.), *cert.* *denied*, 423 U.S. 925, 96 S.Ct. 269, 46 L.Ed.2d 251 (1975).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.