**STATE of Missouri, Respondent,**

v.

**Ralph CRUMBY, Appellant.**

**No. 43446.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 13, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 16, 1981.

Application to Transfer Denied
Jan. 18, 1982.

Christelle Adelman Adler, Asst. Public Defender, Joseph W. Downey, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Ralph Crumby guilty of forcibly raping the 26 year old prosecutrix. The court sentenced him to seven years in prison and he appeals.

The state's evidence: By subterfuge defendant got into the victim's apartment, grabbed and threw her on a bed, choked and forcibly raped her; her testimony was supported by prompt outcry and a medical examination showing multiple bruises and sperm. Defendant testified the victim submitted willingly.

Here, defendant first claims error in letting the state show his prior inconsistent statement about another sexual act and also error in the state's opening statement.

Defendant's first point relied on abstractly contends the court erred in overruling his objection to evidence of a prior act of extra-marital intercourse. The point

fails to comply with Rule 84.04(d) V.A.M.R., requiring an after trial motion to concisely state wherein and why the court erred.[1] On our own motion we consider defendant's briefed argument.

The basis of that argument arose from defendant's statements on cross-examination that the charged offense was his first and only act of extra-marital sex. Then on further cross-examination the challenged testimony came in. Without a specific defense objection to the method of impeachment defendant said he had written and signed a statement saying he had previously had voluntary sexual intercourse with a named woman; that he did not remember making the statement but acknowledged it was in his handwriting. He commented: "Some people have little secrets; you don't tell all of them."

■ Under Section 546.260 V.A.M.S. a defendant who elects to testify for himself may be "contradicted and impeached as any other witness". In *State v. McClain*, 531 S.W.2d 40[4, 5] (Mo.App.1975), the court ruled a witness can escape impeachment by prior inconsistent statement only if he "makes a clean-cut admission" of the facts related in his statement. Here, the defendant's comments about the impeaching statement did not meet that test. Compare *State v. Elbert*, 471 S.W.2d 170[1, 2] (Mo. 1971).

■ We deny defendant's first point and take up his point concerning the state's opening statement. There, the prosecutor spoke of the victim's initial phone call reporting the rape to her friend Lois Price. He then spoke of evidence that Lois Price had made a phone call to "Rape Crisis". The court sustained defendant's objection and instructed the jury to disregard. At the bench the court denied defense counsel's motion for a mistrial, and the prosecutor made the cryptic remark: "... that's right folks...". The trial court apparently thought the jury might have heard the remark; it cautioned the prosecutor under threat of contempt not to make "another

flippant remark". The court denied the defense motion for a mistrial, and adhered to that ruling in denying defendant's after-trial motion. As said, defendant contends that denial was reversible error.

We deny defendant's challenge to the trial court's denial of a mistrial. As ruled in *State v. Treadway*, 558 S.W.2d 646[7] (Mo. banc 1977), 439 U.S. 839, 99 S.Ct. 124, 58 L.Ed.2d 135: "Questions of the propriety of oral argument are addressed to the discretion of the trial court, and an appellate court will not interfere absent abuse of that discretion and prejudice to the appellant." Far better than we are by reading the cold record, the trial court was able to interpret the effect of the objectionable remark and take appropriate action. We decline to second guess the trial court.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

---

1. The point relied on: "The court erred in overruling defendant's objection to questions posed by the prosecutor regarding the details of a prior incident of sexual intercourse by the defendant with a woman other than his wife."