Willie J. SMITH, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 53901.

Missouri Court of Appeals, Eastern District, Division One.

May 24, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied Sept. 13, 1988.

Janis C. Good, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was found guilty by a jury of the first degree murder of Marilyn Rohs in Cause No. 2519–R and the first degree murder of Willy Rohs in Cause No. 2517–R and sentenced to consecutive terms of life imprisonment. In a consolidated appeal, the Missouri Supreme Court affirmed both convictions in *State v. Smith*, 491 S.W.2d 257 (Mo.1973).

This proceeding concerns Cause No. 2519–R, the murder of Marilyn Rohs.[1]

Movant filed a Rule 27.26 motion and later was granted leave to withdraw the motion. Movant then filed a second Rule 27.26 motion, amended following appointment of counsel, alleging, among other matters not germane to this appeal, that his trial counsel was ineffective for failing to request an instruction on voluntary intoxication. Movant's entire factual allegation on this issue reads as follows: "The evidence supported the submission of such an instruction. Shirley Hollis, a State's witness, testified that she and the movant had been together on October 31, 1969 and had been drinking at the Pussy Cat Lounge."

The motion court denied movant relief without an evidentiary hearing and entered extensive findings of fact and conclusions of law. The court made the following finding on the issue of movant's purported intoxication:

This claim is invalid for two reasons. First, there was no evidence of intoxication offered in trial by [movant]. A review of the trial transcript reveals that [movant] presented no evidence in the jury trial. Testimony in the State's case from [movant's] common law wife, Shirley Hollins, merely indicated that she, Willie Smith and co-defendant Ed Johnson had spent some time in the Pussycat Lounge on the evening of the crimes. There was no evidence in the transcript testimony that [movant] was intoxicated or that he even had anything of an intoxicating nature to drink.

On appeal, movant contends the motion court erred, claiming he "injected the issue at trial" and "such theory of defense was supported by the evidence."

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made.

---

1. Movant filed a Rule 27.26 motion related to Cause No. 2517–R. Relief was denied and we affirmed in *Smith v. State*, 680 S.W.2d 412 (Mo. App.1984).

*Richardson*, 719 S.W.2d at 915. To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

Movant's claim of error fails for two reasons. At the time of movant's trial in 1970, the defense of voluntary intoxication was not available. Section 562.076, which allows a defense of voluntary intoxication under certain circumstances, did not take effect until January 1, 1979, a date nearly 10 years after the murders of which movant was convicted. *See State v. Stearns*, 617 S.W.2d 505, 507–08[4] (Mo. App.1981). Moreover, as the motion court noted, there was no evidence at trial that would have supported a voluntary intoxication instruction, even if one had been available. Movant would have been entitled to an instruction on the defense of intoxication only if the evidence indicated his intoxication was so extreme he did not know what he was doing. *State v. Edmaiston*, 679 S.W.2d 360, 362 (Mo.App.1984); *State v. Bienkowski*, 624 S.W.2d 107, 108 (Mo.App.1981). The degree of intoxication required to constitute a defense under § 562.076 was thoroughly discussed in *State v. Gullett*, 606 S.W.2d 796, 805–06 (Mo.App.1980).

Movant did not, because he could not, plead facts that, if true, would entitle him to relief. Therefore, an evidentiary hearing was not required. *See Thomas*, 736 S.W.2d at 519.

Judgment affirmed.

CRIST, P.J., and DOWD, J., concur.