George FORD, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 54268.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 6, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Michael D. Burton, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Judge.

This is an appeal from a denial of a motion under former Rule 27.26. After a jury trial, movant was convicted of two counts of first degree assault and sentenced to two consecutive terms of thirty years imprisonment. This Court affirmed the conviction on direct appeal. See *State v. Ford,* 623 S.W.2d 574 (Mo.App.1981). By motion filed under former Rule 27.26, movant now seeks to set aside his sentences, contending his trial counsel was ineffective. After an evidentiary hearing, the court denied the motion. We affirm.

Movant contends his trial counsel's representation was ineffective because: (1) he failed to call several available witnesses, and (2) he failed to file a "motion to suppress" an incriminating statement allegedly made by movant to a state's witness.

Each of these failures, movant contends, constitutes ineffective assistance of counsel.

To prevail on his claim of ineffective assistance of counsel, movant must establish: (1) his trial counsel's performance failed to conform to the degree of skill and competence that a reasonably competent attorney would have provided under similar circumstances, and (2) movant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). Moreover, movant must prove each component of his burden by a preponderance of the evidence. *Sanders,* 738 S.W.2d at 857; Rule 27.26(f).

At the hearing below, the court took judicial notice of the record of movant's original trial. In *State v. Ford, supra,* our Court synopsized the facts established at that trial. We use that synopsis without further attribution.

On the day of the crimes, movant went to an apartment in which Clifford Johnson was staying with his girlfriend, Cynthia Stevenson Boyd. Movant was admitted to the apartment and a brief verbal argument ensued between him and Johnson, culminating in movant's producing a gun and shooting Johnson in the ear and leg. He then fired three shots at Ms. Boyd, striking her each time. He put the gun directly to her face and pulled the trigger twice but the weapon misfired. Leaving Ms. Boyd on the floor with her wounds, movant again turned his attention to Johnson. He stood over Johnson's prostrate body and shot him in the back, leaving his legs permanently paralyzed. His assaults completed, movant exited. When later confronted by the police, he fully acknowledged his attacks on Ms. Boyd and Johnson.

At his trial, movant testified in his own behalf. He said he had gone to see Johnson and Boyd and that an argument commenced. According to movant, Johnson had produced a gun which somehow went off as the two grappled on the floor, apparently accounting for Johnson's wounds.

No explanation was offered for the gunshot wounds to Ms. Boyd.

At the evidentiary hearing on his motion, movant admitted that he lied at trial about his part in the shooting. Movant now admits he took control of the gun and held it on Johnson before shooting him. Movant now says his false trial testimony was due to confusion over his trial counsel's instruction not to admit having taken control of the gun. Movant again provided no evidence explaining the gunshot wounds to Cynthia Boyd.

■ Based upon this record, movant now contends his trial counsel failed to call three potential defense witnesses: Elizabeth Stevenson, Lawrence Ross and Major Boyd. Elizabeth Stevenson is the mother of Cynthia Boyd. At the original trial, Cynthia testified that movant pulled the gun used in the shooting. According to movant, if Elizabeth had been called as a witness at his trial, she would have testified that Cynthia told her it was Johnson, not movant, who pulled the gun. This testimony, movant contends, could have been used to impeach Cynthia. Movant's unsupported assertion of potential testimony, however, does not entitle him to post-conviction relief.

Under *Strickland, supra,* movant must establish both his trial counsel's ineffectiveness and resulting prejudice. Movant did not persuade the motion court that his trial counsel was ineffective. At the hearing on his motion, movant testified he did not tell his trial counsel before trial that Elizabeth Stevenson would testify in his behalf. He also admitted he did not then know and, thus, could not tell his trial counsel what Elizabeth's testimony would be. Under these circumstances, we, like the motion court, are hard pressed to find any fault in failing to call her as a witness.

Even assuming that trial counsel's performance was inadequate for failing to call Elizabeth as a witness, movant still must establish what her testimony would have been in order to show prejudice. See *Sanders, supra,* 738 S.W.2d at 860–61. There was no reason, however, for the court to credit movant's testimony and find that Ms. Stevenson would testify as movant said she would. As noted above, at the hearing below, movant admitted lying at his original trial. Moreover, at the hearing, movant did not call Elizabeth as a witness, nor did he proffer her affidavit or even her written statement. Indeed, there is no showing that any attempt was made to locate her to testify at the hearing. On this record, it is understandable that the court chose not to credit movant's testimony.

Movant's contention likewise receives no help from his other two ostensible witnesses: Ross and Boyd. We need not detail the testimony movant now says could be elicited from these witnesses. Movant admits he did not tell his trial counsel about these two witnesses before or during trial. His trial counsel, therefore, can hardly be faulted for not locating and calling them as witnesses.

■ Movant next contends his trial counsel was ineffective because he did not "move to suppress" an incriminating statement allegedly made by movant to Jean Johnson, the mother of Clifford Johnson. At trial, Ms. Johnson testified: "[Movant] said he didn't know why he'd done it." Movant argues his trial counsel acknowledged at the hearing below that this statement was inconsistent with the theory of self-defense.

Movant's argument is misdirected and, thus, misses the mark. On the record before us, Ms. Johnson's testimony would be admissible as an admission by movant if his theory was self-defense. Movant has not shown us any ground, however, which would make his admission inadmissible. We cannot find movant's trial counsel ineffective because he failed to ask for groundless relief. *See, Benson v. State,* 611 S.W. 2d 538, 544 (Mo.App.1980).

JUDGMENT AFFIRMED.

SMITH, P.J., and STEPHAN, J., concur.